UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY S. MERRYFIELD and
SUSAN M. VANSTRATEN,

            Case No. 17-CV-742

     Plaintiffs,

vs.

KLI, INC. f/k/a KELLER LADDERS, INC.,
ALIAS INSURANCE COMPANY NO. 1,
ALIAS INSURANCE COMPANY NO. 2,
WERNER CO.
ALIAS INSURANCE COMPANY NO. 3,
ALIAS INSURANCE COMPANY NO. 4,

     Defendants

-and-

JBS USA HOLDINGS, INC. EMPLOYEE GROUP
HEALTH PLAN

     Nominal Defendant.

## SECOND AMENDED CIVIL COMPLAINT

**NOW COMES** the above-named plaintiffs, Randy S. Merryfield and Susan M. Vanstraten, by their attorneys, HABUSH HABUSH & ROTTIER S.C., as and for their Second Amended Complaint against the above-named defendants, allege and show to the Court as follows:

### THE PARTIES

1.    Plaintiff, Randy S. Merryfield, is an adult resident of the State of Wisconsin who currently resides at 1342 Sky Lark Lane, Green Bay, Wisconsin.

2.    Plaintiff, Susan M. Vanstraten, is an adult resident of the State of Wisconsin who currently resides at 1342 Sky Lark Lane, Green Bay, Wisconsin, and who is the spouse of plaintiff, Randy S. Merryfield.

1

3.      Defendant, KLI, Inc. f/k/a Keller Ladders, Inc., is a Delaware company, whose address for service of process is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Further allege, upon information and belief, defendant, KLI, Inc., is engaged in the business, among other things, of designing, manufacturing, distributing, selling and/or marketing ladders, including the Keller ladder which is the subject of this lawsuit.  That upon information and belief at all times material hereto, the defendant, KLI, Inc., performed both solicitation and service activities within the state of Wisconsin and further, products, materials and/or things processed, serviced, distributed and/or manufactured by said defendant have been used and/or consumed within the state of Wisconsin.

4.      Defendant, Werner Co., is a Delaware company, whose address for service of process is c/o CT Corporation System, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.  Further allege, upon information and belief, defendant, Werner Co., is engaged in the business, among other things, of designing, manufacturing, distributing, selling and/or marketing ladders, including the Keller ladder which is the subject of this lawsuit.  That upon information and belief at all times material hereto, the defendant, Werner Co., performed both solicitation and service activities within the state of Wisconsin and further, products, materials and/or things processed, serviced, distributed and/or manufactured by said defendant have been used and/or consumed within the state of Wisconsin.

5.      The defendant, Alias Insurance Company No. 1, is an insurance corporation engaged in the business of selling liability insurance policies for a premium and whose agent and address for service of process is unknown.  Further allege, upon information and belief, at all times material hereto, the defendant, Alias Insurance Company No. 1, had issued a policy of insurance to the defendant, KLI, Inc., for valuable consideration, and pursuant to the terms and conditions of said policy of insurance, the defendant, Alias Insurance Company No. 1, is a proper party defendant hereto.

6. The defendant, Alias Insurance Company No. 2, is an insurance corporation engaged in the business of selling umbrella/excess insurance policies for a premium and whose agent and address for service of process is unknown. Further allege, upon information and belief, at all times material hereto, the defendant, Alias Insurance Company No. 2, had issued a policy of umbrella/excess insurance to the defendant, KLI, Inc., for valuable consideration, and pursuant to the terms and conditions of said policy of insurance, the defendant, Alias Insurance Company No. 2, is a proper party defendant hereto.

7. The defendant, Alias Insurance Company No. 3, is an insurance corporation engaged in the business of selling liability insurance policies for a premium and whose agent and address for service of process is unknown. Further allege, upon information and belief, at all times material hereto, the defendant, Alias Insurance Company No. 3, had issued a policy of insurance to the defendant, Werner Co., for valuable consideration, and pursuant to the terms and conditions of said policy of insurance, the defendant, Alias Insurance Company No. 3, is a proper party defendant hereto.

8. The defendant, Alias Insurance Company No. 4, is an insurance corporation engaged in the business of selling umbrella/excess insurance policies for a premium and whose agent and address for service of process is unknown. Further allege, upon information and belief, at all times material hereto, the defendant, Alias Insurance Company No. 4, had issued a policy of umbrella/excess insurance to the defendant, Werner Co., for valuable consideration, and pursuant to the terms and conditions of said policy of insurance, the defendant, Alias Insurance Company No. 4, is a proper party defendant hereto.

9. The nominal defendant, JBS USA Holdings, Inc. Employee Group Health Plan (hereinafter referred to as "JBS"), is a Colorado corporation licensed to do and doing business in the state of Wisconsin and who has, upon information and belief, a self-funded health insurance program for its employees, and whose agent and address for service of process is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202. Further allege that pursuant

to said policy of health insurance, the nominal defendant, JBS, may have made payment of medical expenses incurred as a result of injuries suffered by the plaintiff, Randy S. Merryfield, in an accident which is the subject of this lawsuit. That, as a result of said payment of medical expenses, the nominal defendant, JBS, may have a subrogated interest herein.

## JURISDICTIONAL ALLEGATIONS

10. This Court has jurisdiction over this action pursuant to 28 U.S.C.§ 1332 as there exists diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exclusive of interest and costs, exceed Seventy-Five Thousand Dollars ($75,000.00).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1961, et seq., because a substantial part of the events giving rise to this claim occurred in the State of Wisconsin, and in this district.

## CAUSE OF ACTION FOR INJURIES TO RANDY S. MERRYFIELD

12. That plaintiff, Randy S. Merryfield, purchased a Keller 67 Series Model 678 Type II Commercial 8-foot fiberglass step ladder, with a serial/identification number of 1396. Upon information and belief, this ladder was manufactured, designed, distributed and marketed by the defendant, KLI, Inc. Further allege that said ladder was manufactured less than 15 years prior to the date of the accident, February 20, 2016.

13. That on or about February 20, 2016, the plaintiff, Randy S. Merryfield, was using the Keller ladder while removing Christmas lights from his home in Green Bay, Wisconsin. While using the ladder, in a manner for which the ladder was expected and intended to be used, the ladder structurally failed causing the plaintiff to fall to the ground, sustaining serious injuries and damages.

14. Specifically, the brace designed to support the leg of the ladder failed due to defective and unreasonably dangerous design and/or manufacture.

4

### CAUSE OF ACTION OF THE PLAINTIFFS' AGAINST THE DEFENDANTS, KLI, INC. AND WERNER CO.: NEGLIGENCE

15. Reallege and incorporate by reference herein, as if more fully set forth, all the foregoing allegations.

16. That the defendant is negligent.

17. That, as a direct and proximate result of the negligence of the defendants, the plaintiff, Randy S. Merryfield, sustained serious injuries and damages. These injuries and damages are compensable and should be paid by the defendants in accordance with law.

18. As a result of the injuries sustained by plaintiff, Randy S. Merryfield, and as a direct and proximate result of the negligence of defendants, the plaintiff, Susan M. Vanstraten, Randy S. Merryfield's spouse, has sustained injuries and damages including, but not limited to, rendering of nursing services to her husband and the loss of society, companionship and services of her husband.

### CAUSE OF ACTION OF THE PLAINTIFFS' AGAINST THE DEFENDANTS, KLI, INC. AND WERNER CO.: PRODUCT LIABILITY

19. Reallege and incorporate by reference herein, as if more fully set forth, all the foregoing allegations.

20. That the ladder, a Keller 67 series Model 678 Type II Commercial 8-foot fiberglass step ladder, was manufactured less than 15 years prior to the date of the accident, February 20, 2016.

21. That the defendants KLI and Werner were at all times material hereto engaged in the business of selling, designing, manufacturing and/or distributing ladders of the type used by the plaintiff at the time of the accident. Further allege that the ladder was of the type frequently sold and distributed by said defendants and that the ladder was placed in the stream of commerce in Wisconsin by the defendants.

22. That the ladder reached Mr. Merryfield without substantial change in the condition in which it was sold.

23. That at all times material hereto, the ladder was defective in design and/or defective in manufacture, and/or defective as a result of inadequate instructions or warnings.

24. That the defective design and/or defective manufacture and/or defect as a result of inadequate instructions or warnings relative to the ladder rendered the ladder unreasonably dangerous to persons or property and specifically to Mr. Merryfield.

25. That the defective design and/or defective manufacture and/or defect as a result of inadequate instructions or warnings were conditions of the ladder that existed at the time that the ladder: 1) left the control of the defendants Keller and Werner; 2) entered the stream of commerce in the state of Wisconsin; 3) reached Mr. Merryfield as a consumer and user of the ladder.

26. That the ladder contains a manufacturing defect and that the ladder departs from its intended design due to said defect.

27. That the ladder is defective in design and that the foreseeable risks of harm posed by the ladder could have been reduced or avoided by the adoption of a reasonable alternative design by the defendant manufacturers and that the omission of said alterative design renders the ladder not reasonably safe.

28. That the ladder is defective because of inadequate instructions or warnings and the foreseeable risks of harm posed by the ladder could have been reduced or avoided by the provision of reasonable instructions or warnings by the defendant manufacturers. The omission of instructions or warnings rendered the ladder not reasonably safe.

29. That as a direct and proximate result of the defect relative to the ladder, Mr. Merryfield sustained serious injuries and damages. These injuries and damages are compensable and should be paid by the defendants in accordance with law.

30. As a result of the injuries sustained by plaintiff, Randy S. Merryfield, and as a direct and proximate result of the negligence of defendants, the plaintiff, Susan M. Vanstraten, Randy S. Merryfield's spouse, has sustained injuries and damages including, but not limited to, rendering

of nursing services to her husband and the loss of society, companionship and services of her husband.

WHEREFORE, plaintiffs' demand judgement against the defendants as follows:

A.  Against defendants, KLI, Inc., f/k/a Keller Ladders, Inc., Alias Insurance Company No. 1, Alias Insurance Company No. 2, Werner Co., Alias Insurance Company No. 3 and Alias Insurance Company No. 4 for an amount of damages found to be appropriate by the finder of fact, together with such costs, disbursements and interest as allowed by law;

B.  Against the nominal defendant, JBS, for an order that the rights of the plaintiffs, Randy S. Merryfield and Susan M. VanStraten, to any settlement or award in this matter are superior to the rights to JBS, or in the alternative, an order extinguishing the subrogation rights of JBS.

C.  For any other order or award that the court deems just and equitable.

### **JURY DEMAND**

The plaintiffs, Randy S. Merryfield and Susan M. VanStraten, do hereby demand a jury trial on all issues of fact not admitted by the defendant, pursuant to Federal Rule of Civil Procedure 38(b).

Dated this 27th day of July, 2017

**HABUSH HABUSH & ROTTIER, S.C.®**
Attorneys for Plaintiffs

s/ D. J. Weis
D. J. Weis
(SBN: 1006471)

ADDRESS:
126 E. Davenport Street
Rhinelander, WI 54501
(715) 365-1900